IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William Harold Vanover,              :

    Plaintiff,                   :

 v.                                  :       Case No. 2:16-cv-324

                                          :
Commissioner of Social Security,     Magistrate Judge Kemp

    Defendant.                   :

## OPINION AND ORDER

### I. Introduction

Plaintiff, William Harold Vanover, filed this action seeking review of a decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income. After the Court issued an Opinion and Order affirming the Commissioner's decision (Doc. 18), Plaintiff filed a motion to alter judgment. For the following reasons, the motion is granted in part and denied in part.

### II. The Erroneous Summary of Medical Evidence

In his motion, Plaintiff correctly points out that the summary of the medical evidence recited in Doc. 18 does not pertain to his case. That was an error on the part of the Court. That section of the Opinion and Order is therefore deleted.

### III. The Pertinent Medical Evidence

Based on the claims asserted in the statement of errors, the most pertinent medical evidence is the report of Dr. Ayesu-Offei, the consultative physical examiner. Dr. Ayesu-Offei conducted his evaluation on November 20, 2013. Plaintiff reported a history of depression and chronic low back pain. He also reported some shortness of breath, but no treatment for that problem. On examination, Plaintiff walked with a normal gait. He showed a slight amount of discomfort on deep palpation of the

lumbosacral spine. He could squat about one-third of the way down before complaining of pain. Straight leg raising was negative, but Plaintiff complained of pain with full flexion. The assessment was chronic low back pain and depression, among other conditions. Dr. Ayesu-Offei said that Plaintiff "should be able to maintain sedentary activity." (Tr. 289-90).

Dr. Rudy did a similar evaluation on February 12, 2014. He noted that Plaintiff did exhibit some low back pain on testing and that his primary problem was chronic lung disease, which would preclude him from carrying more than 20 pounds for more than 25 yards. (Tr. 297-98). Later, Plaintiff exhibited some reduced ability to walk whic was suggestive of exercise impairment. (Tr. 348).

The state agency physicians in this case who expressed opinions as to Plaintiff's physical capacity were Drs. Gardner and Delphia. Both thought that Plaintiff could do a reduced range of medium work. As noted in the prior Opinion and Order, the ALJ found him capable of a reduced range of light work.

### IV. Motion to Reconsider

In the argument portion of his motion, Plaintiff reiterates his assertion that the ALJ did not have a substantial basis for rejecting Dr. Ayesu-Offei's opinion that Plaintiff was limited to sedentary work. He contends that the Court committed a clear error of law by misunderstanding this argument and concluding that the ALJ was under no obligation to accept *verbatim* any particular medical source statement about residual functional capacity. In response, the Commissioner argues that the ALJ's decision was reasonable and supported by the evidence, including the fact that Dr. Ayesu-Offei's opinion did not specifically limit Plaintiff to sedentary work and that the state agency physicians reached a different conclusion, which the ALJ was entitled to consider in fashioning a residual functional capacity

finding.

After considering Plaintiff's argument, the Court is not persuaded that it made a legal error in its prior Opinion and Order.  The question addressed there - which is the key question in this case- is whether the ALJ had a substantial basis for discounting Dr. Ayesu-Offei's opinion, to the extent that the opinion intended to limit Plaintiff to sedentary work.  The Court will not repeat its discussion here, other than to say that after considering this precise question, it determined that a reasonable person could have reached that conclusion based on this record, which contained few objective findings that suggested such a restriction on Plaintiff's physical abilities.  The Court therefore declines the invitation to reach a different decision now.

## V. Decision

Based on the above discussion, Plaintiff's motion to alter or amend judgment (Doc. 20) is granted in part and denied in part.  The Opinion and Order (Doc. 18) is amended to delete the summary of the medical evidence contained in that Order and to substitute the summary set out in Section III of this Order.  The motion is otherwise denied.

/s/ Terence P. Kemp
United States Magistrate Judge